UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| M-R LOGISTICS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-40139FDS |
| ) | |
| RIVERSIDE RAIL, LLC, EDWARD DUNN ) | |
| AND JOANNE WILEY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT
AS TO DEFENDANTS RIVERSIDE RAIL, LLC AND EDWARD DUNN
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

      This is a breach of contract action brought by Plaintiff, M-R Logistics, LLC, against the Defendants, Riverside Rail, LLC, a Limited Liability Company in the State of New Jersey, Edward Dunn, a resident of New Jersey, and Joanne Wiley. The claim is based upon a written contract by which Plaintiff agreed to provide empty rail cars to Defendant, Riverside Rail, LLC, a company which operated a transfer station for construction debris located in the State of New Jersey. Edward Dunn was the principal and sole member of Riverside Rail, LLC, at all times relevant to this litigation. Plaintiff alleges that, after a period of time in which it provided empty rail cars to be utilized by Riverside Rail, LLC, for the purpose of transporting construction debris from New Jersey to landfills in the State of Ohio, Riverside Rail, LLC ceased to utilize the services of the Plaintiff.

      Defendants Riverside Rail, LLC and Edward Dunn, two of the three Defendants, move to dismiss the Complaint, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, on the

ground, that this Court lacks personal jurisdiction over them. The moving Defendants maintain that neither of them has engaged within the Commonwealth of Massachusetts in any of the activities which normally form the basis for the imposition of personal jurisdiction.

**Statement of Facts**

Riverside Rail, LLC, for all time periods set forth in the Complaint by Plaintiff did not: solicit business from any party in the Commonwealth of Massachusetts; solicit business from any entity or any party in any state other than the State of New Jersey; send any representative agent, employee or vehicle or other means of transportation into the Commonwealth of Massachusetts; send any personal representative to meet with any person or representative affiliated with the Plaintiff in the Commonwealth of Massachusetts, or in any state, other than the State of New Jersey; or make delivery or take delivery of any item, for any purpose, related to the business of Riverside Rail, LLC, in the Commonwealth of Massachusetts, all of which is indicated in the Affidavit submitted by Edward Dunn ("Dunn Aff.", Paragraph 7).

The only meetings relevant to the formation of a contractual relationship between Riverside Rail, LLC and the Plaintiff took place within the State of New Jersey. The first took place in Saddle Brook, New Jersey, at a hotel. The second took place in approximately June or July of 2005 in Paterson, New Jersey, at the site from which Riverside Rail, LLC conducted its business. All of the terms and arrangements for entry into the contract were negotiated during these meetings in the State of New Jersey. ("Dunn Aff.", Paragraphs 8 and 9).

The Plaintiff, pursuant to the contract with Riverside Rail, LLC, was engaged to provide empty rail cars to be used exclusively upon rail lines operated by the New York Susquehanna and Western Railroad, which lines ran in the State of New Jersey. The rail cars utilized by Riverside Rail, LLC, were only operated between the State of New Jersey and the State of Ohio. None of the rail cars utilized by Riverside Rail, LLC were, utilized in the Commonwealth of Massachusetts by Riverside Rail, LLC. ("Dunn Aff.", Paragraphs 11 and 12).

M-R Logistics, LLC was obligated to repair and maintain the rail cars which it provided to Riverside Rail, LLC. All such repairs and maintenance were performed upon rail lines operated by The New York Susquehanna and Western Railroad, all of which were contained within the borders of the State of New Jersey. ("Dunn Aff", Paragraph 13).

## Argument

I. **On a Motion to Dismiss for Lack of Personal Jurisdiction, the Plaintiff Bears the Burden of Establishing That the Exercise of Jurisdiction is Consistent with Constitutional Due Process**

In order to establish personal jurisdiction, the Plaintiff must show that the **Massachusetts long-arm statute**, **Mass. Gen. Laws ch. 223A, sec 3**, grants jurisdiction and that the exercise of jurisdiction permitted by that Statute is consistent with constitutional due process. **Daynard v. Ness Motley, Loadholt, Richardson & Poole, P.A.**, 290 F. 3d 42 (lst Cir. 2002). Although the Plaintiff, in its pleadings, does not make clear which section of the **Massachusetts long-arm statute** it claims provides jurisdiction in this matter, for purposes of this Motion the Defendants presume the Plaintiff relies upon **Section 3 (a),** which deals with "transacting any business" within the State of Massachusetts.

In the **Daynard** decision, the First Circuit recognized that the **Massachusetts long-arm statute** permits the exercise of jurisdiction over the person to the limits permitted by the Federal Constitution. **Daynard Id. 52.** The issue then becomes whether, under the facts and circumstances in a given case, personal jurisdiction may be sustained given the requirements and strictures imposed by the Fourteenth Amendment to the U.S. Constitution. The due process provisions of the Fourteenth Amendment require that the Defendant, in order to be subjected to the jurisdiction of a foreign state, shall have evidenced certain minimum contacts with the forum

state, such that the imposition of jurisdiction upon the Defendant does not offend traditional notions of fair play and justice.  **Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. ed. 95 (1945)**    This point is further illustrated in the **Daynard** decision, which holds that jurisdiction may be imposed upon a defendant only where it has been established that meaningful contacts, ties or relations, have been demonstrated to have existed within the forum State.  **290 F. 3d, at 51**.  This is the state of the law in the First Circuit as is evident from the following language contained in **Sawtelle v. Farrell, 70 F. 3d 1381 (lst$^t$ Cir. 1995)**:

> **"In order to exercise personal jurisdiction over a defendant, the court must find sufficient contacts between the defendant and the forum state to satisfy both the state's long-arm statute and the due process clause of the Fourteenth Amendment".**

**Sawtelle,  at 394.**

The Court may exercise two different types of personal jurisdiction, one referred to as general, the other, specific.   General jurisdiction exists where the litigation is not directly based upon a Defendant's contacts with the forum state, but rather it is alleged that the Defendant has been engaged in a continuous and systematic activity in the forum state which is not related to the lawsuit in which jurisdiction is challenged.  Specific jurisdiction exists where there is "a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities."  **Mass. School of Law at Andover, Inc. v. American Bar Ass'n, 142 F. 3d 26, 34 (lst Cir. 1998).**

The Plaintiff bears the burden of establishing personal jurisdiction and convincing the Court that there exist sufficient minimum contacts with the forum state in order to establish that jurisdiction.  **Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F. 3d 138, 145 (lst Cir.**

1995).  In order to sustain its burden of proof, the Plaintiff must base its claim upon evidence of specific facts, which necessarily requires that the Plaintiff go beyond the mere allegations of its pleadings in order to establish the affirmative proofs necessary for the imposition of personal jurisdiction on a non-resident defendant.  Thus, the Plaintiff may not simply rest upon its pleadings in order to establish the **prima facie** proofs required.  **Boit v. Gar-Tec Products, Inc., 967 F.2d 671 (lst Cir. 1992).**

In assessing the quality of the proofs proffered by a plaintiff in its attempt to establish by **prima facie** proof its entitlement to impose jurisdiction upon a non-resident Defendant, the Plaintiff must:

> "….do more than simply surmise the existence of a favorable
> factual scenario; he must verify the facts alleged through materials
> of evidentiary quality".

**Barrett v. Lombardi, 239 F. 3d 23, 27 (lst Cir. 2001).**  Thus, the method of analysis necessary for a Court to determine the appropriateness of imposing personal jurisdiction in such a case necessarily turns upon its evaluation of the quality and quantity of the Defendant's contacts with the forum state.  **Phillips Exeter Acad., supra. 288**.  These Defendants have not participated in business activities, or otherwise, in the Commonwealth of Massachusetts in any manner which would satisfy such requirements.  ("Dunn Aff.", Paragraphs 7 – 13 and 14 - 17).

Regarding the utilization of this method of assessing proofs, as it relates to the **Massachusetts long-arm statute**, specifically Section 3 (a) thereof, the First Circuit has required that the contacts by a non-resident Defendant with the State of Massachusetts constitute more than mere fortuitous contacts with the forum state, in order for the Plaintiff to sustain its burden.  The **long-arm statute** does not confer personal jurisdiction upon non-residents where the contacts with the State of Massachusetts are merely incidental to the business transactions between the parties.  **Lyle Richards Int'l, Ltd. v. Ashworth, Inc., 132 F. 3d 111, 112-13 (lst**

**Cir. 1997)** ("the purely incidental contacts involved here," which included the periodic forwarding of purchase orders into Massachusetts, communication "two or three times a week regarding ongoing contract performance," and attendance at trade shows, "were insufficient to support an assertion of personal jurisdiction over Ashworth.")

In assessing the proofs presented to the Court by a Plaintiff seeking to impose personal jurisdiction on a non-resident Defendant, the Court must rely upon the specific facts in the record, without giving weight to any conclusory allegations contained in the proofs submitted by the Plaintiff. The Court should not be called upon to stretch the proofs of record by making large leaps of fact, in order to arrive at inferences favorable to the Plaintiff. **Mass. Sch of Law, supra. 34.** In order for the Plaintiff to defeat a Motion to Dismiss, the Plaintiff must make a showing as to every fact required in order to satisfy the forum state's **long-arm statute** and the due process clause of the U.S. Constitution. **Boit , supra. 675.**

With specific reference to establishing personal jurisdiction over non-resident Defendants in a contract case, the Court must ascertain whether the Defendant's contacts with the forum state were instrumental in the formation of the Contract or in its breach. **Phillips Exter Acad., 196 F. 3d, at 289.** The actions of these Defendants as set forth in the Affidavit of Edward T. Dunn show clearly that the conduct of the Defendants regarding the formation and alleged breach of contract were not remotely related to the State of Massachusetts.

The conventional method by which a District Court determines whether a Plaintiff has sustained its burden in order to overcome a challenge to personal jurisdiction is for the Court to rely upon affidavits submitted by the parties. As indicated above, mere conclusory allegations by the Plaintiff, either in the form of its Complaint or any affidavits submitted in opposition to the Motion to Dismiss, are inadequate for it to sustain its burden. If, however, this Court should determine from subsequent submissions made by the Plaintiff that credibility is an issue, the Defendants would respectfully point out to this Court that there is an additional method by which

District Courts have resolved questions concerning whether a Plaintiff has sustained its burden in this regard. As the Court pointed out in **Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F. 3d, 138 at 145 (lst Cir. 1995),** a District Court may utilize an evidentiary hearing, in order to determine if a Plaintiff has sustained its burden to establish personal jurisdiction, where Defendant has challenged that jurisdiction. In fact, it has been held that:

> **"If issues of credibility are presented and must be resolved to determine an issue of fact to the court's disposition of the motion to dismiss, it may be an abuse of discretion not to allow an opportunity for cross-examination of an affiant if requested".**

**Boit, at 676.** The moving Defendants herein, would request such an evidentiary hearing, should this Court determine, as the result of any subsequent filings by Plaintiff, that any of the issues raised by these parties requires the type of determination referenced in the **Boit** decision.

**II.     The Defendants Have Not Engaged in Any Continuous or Systematic Activity in the Commonwealth of Massachusetts That Would Subject Them to General Jurisdiction in This Forum.**

Based on the facts set forth in the Plaintiff's pleadings and in the Affidavit submitted in this matter by Edward T.Dunn ("Dunn Aff.") specifically as set forth in Paragraphs 7, 8, 9, 11, 12, 13, 14-17, it is clear that the Plaintiff does not have any valid grounds for the imposition of general jurisdiction in this matter.

The Defendant, Riverside Rail, LLC, at the times pertinent to this litigation, has not solicited business within the Commonwealth of Massachusetts, nor has it sent any representative or agent to the Commonwealth of Massachusetts in order to make delivery of any item, or take delivery of any item, or for any other reason or purpose related to the operation of its business. ("Dunn Aff.", Paragraph 7). There were no meetings conducted in the Commonwealth of Massachusetts between Plaintiff and Defendants relevant to the formation or performance of the contract which forms the basis for this lawsuit. All negotiations, as well as the execution of the

contract, took place within the State of New Jersey. ("Dunn Aff.", Paragraphs 8 and 10).

The rail cars utilized by the Defendants, and provided by the Plaintiff, were at all times operated along rail lines maintained by The New York Susquehanna and Western Railroad, which rail lines ran within the State of New Jersey and not the Commonwealth of Massachusetts. The rail cars utilized by the Defendant, Riverside Rail, LLC, operated between the States of New Jersey and Ohio. Those rail cars were similarly maintained on rail lines contained within the State of New Jersey. Thus, there was no contact between the rail cars provided by the Plaintiff and the Commonwealth of Massachusetts. ("Dunn Aff.", Paragraphs 11, 12 and 13).

Likewise, neither Riverside Rail, LLC nor Edward Dunn, individually, traveled to Massachusetts in order to conduct business, either with Plaintiff or with any other person or party. Edward T. Dunn only signed the contract as a representative of Riverside Rail, LLC, and at no time signed any document or contract reflecting a personal obligation, such that, he would then become subject to jurisdiction by the State of Massachusetts. ("Dunn Aff.", Paragraphs 14, 15, 16 and 17.)

None of the activity or conduct engaged in by these Defendants falls within the tradition or customary types of activities upon which Courts have found the existence of any adequate basis to impose general jurisdiction.

**III.    Because the Formation of And Defendants' Performance Under the Contract Had No Connection Whatsoever With the Commonwealth of Massachusetts, the <u>Requirements for Specific Jurisdiction Cannot Be Met.</u>**

Because there plainly is no basis for the exercise of general jurisdiction in this case, the Plaintiff must satisfy the requirements for the imposition of specific jurisdiction in order to establish personal jurisdiction over these Defendants. Specific jurisdiction may be found where there exists a demonstrable nexus between the allegations made by the Plaintiff and the activities conducted by the Defendants, in the forum state, namely, when the Defendant's activities constitute the basis for the litigation brought by the Plaintiff. **<u>Mass. Sch. Of Law</u>, supra,** at

**34.** The party seeking to impose such jurisdiction must present adequate proof to support a finding of specific jurisdiction.  **Phillips Exter Acad. v. Howard Phillip Fund, Inc.** 196 F. 3d. 284 (lst Cir. 1999).

  Three elements of proof are required to establish specific jurisdiction:  First, the claim must arise out of and relate to the alleged contacts of the Defendant with the forum state.   This is referred to as "the relatedness" requirement laid down by the First Circuit.   It requires that the Court direct its attention to the facts which the Plaintiff presents to establish a necessary nexus between the conduct of the Defendant in the forum state and the Plaintiff's cause of action.  Second, the Court must determine if the Defendant's contacts within the forum state represent its purposeful availment of the privilege of conducting its activities within the forum state, which thereby give rise to the Defendant being in a position to accept the benefits and protections of the laws of the forum state.   The third and final requirement for the establishment of specific jurisdiction is that the Court must determine whether its exercise of personal jurisdiction is reasonable in light of all the facts and circumstances in the case, which are referred to as the "gestalt factors".   **Sawtelle,** supra. 70 F. 3d. 1381, 1394.

  All of the meetings relevant to the formation of the contract in this case took place within the State of New Jersey.    The contract between Plaintiff and Defendant, Riverside Rail, LLC, was brought to the State of New Jersey by a representative of the Plaintiff, and was executed by Plaintiff's and Defendant's representatives in the State of New Jersey.  ("Dunn Aff.", Paragraphs 8 and 10).    The rail cars provided pursuant to the contract were not located in the Commonwealth of Massachusetts.    They operated upon rail lines which ran in the State of New Jersey through and to the State of Ohio.    Repairs of those rail cars took place within the State of New Jersey, on rail lines contained exclusively within the State of New Jersey.   ("Dunn Aff.", Paragraphs 11, 12 and 13).   Thus, it is clear from the facts, that neither the formation nor the performance of the contract was in any way related to activities conducted within the

Commonwealth of Massachusetts.

The fact that Plaintiff's headquarters is located within the State of Massachusetts has absolutely no bearing on the formation or execution of the contract. It similarly does not provide the basis for establishing jurisdiction over these Defendants. The Plaintiff cannot establish, based on these operative facts, that the Defendants, Riverside Rail, LLC, and Edward Dunn, were "purposefully availing" themselves of any connection with the Commonwealth of Massachusetts by virtue of entering into the contract with the Plaintiff. Similarly, any alleged breach of the contract, does not have any greater impact upon the State of Massachusetts than any other State. The rail cars provided by the Plaintiff did not emanate from or originate from the Commonwealth of Massachusetts, but rather were already in transit along the lines operated by The New York Susquehanna and Western Railroad. The mere fact that one of the parties to the contract maintained its place of business in the Commonwealth of Massachusetts is not sufficient for Plaintiff to sustain its burden to establish personal jurisdiction under the U.S. Constitution and applicable case law.

It is anticipated that Plaintiff will assert that periodic payments made to banks in Massachusetts, or e-mails and faxes sent to Plaintiff's headquarters in Massachusetts, are sufficient to establish a factual predicate for specific jurisdiction. As the cases have held, however, such purely incidental communications directed into the Commonwealth of Massachusetts do not create the necessary nexus to the forum state in order to establish jurisdiction. **Lyle Richards Int'l v. Ashworth, Inc., supra at 112-13.** Indeed, it must be pointed out that the Plaintiff alone, pursuant to the contract it created, determined where payments were to be sent by the Defendants. Surely it cannot be said that if Plaintiff moved its headquarters to another State and thereafter directed the payments be made to that State, that State would then have the ability to exercise personal jurisdiction. "[T]he mere unilateral activity of those who claim some relationship with a non-resident Defendant cannot satisfy the

requirement of contact with the forum state." **Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240, 2 L Ed. 2d 1283 (1958).** The mere place to which payments are sent is adequate to establish "purposeful availment" as the cases require.

Plaintiff asserts in its Complaint that the contract contained a choice of law provision selecting the law of Massachusetts as that which would control disputes and interpretation of the contract. However, such a provision standing alone, without sufficient other factual underpinnings by which a defendant avails itself of the benefits of conducting business in any given State, has been held to be insufficient in order to confer jurisdiction upon a non-resident party. **Burger King Corp. v. Rudzewicz, 471 U.S. 462, at 482, 105 S. Ct. 2174, 85 L Ed. 2d. 528 (1985).** The facts of this case are such that the activities of the Plaintiff and Defendants have a much greater nexus to the State of New Jersey than any other State, including Massachusetts. It is certainly not uncommon for a contract to contain a choice of law provision, and then, due to the circumstances and facts surrounding the litigation, for the matter to be tried in a Court located in a State other than the State selected as the choice of law State for contract purposes. The mere selection of Massachusetts as the choice of law State for the purposes of interpretation and enforcement of the contract, without more being demonstrated by Plaintiff, is not a sufficient basis for the imposition of personal jurisdiction on these Defendants.

In ascertaining whether jurisdiction is properly imposed on a non-resident Defendant, this Court has held that: **"….the focus must be on whether the litigation can be said to have directly arisen out of, or be directly related to, the forum based contacts… …for contract claims the inquiry is whether the forum-based activities are instrumental to the formation of the contract."    Killion v. Commonweath Yachts, 421 F. Supp. 2d 246, 254 (D. Mass. 2006).** As can be seen from the facts set forth in the Dunn Affidavit, there were no forum-based activities by these Defendants which formed any part of the negotiations or breach of contract alleged by the Plaintiff to be the basis for its cause of action in this Court.

11

In the case **sub judice,** the moving Defendants have not engaged in any activities in the State of Massachusetts, nor have they availed themselves of the protections or benefits of the laws of the State of Massachusetts. They have not conducted business in Massachusetts either generally or specifically in connection with the contract at issue in this case, thus it cannot be said that the requisite "minimum contacts" are present.

### Conclusion

For the reasons set forth herein, the Plaintiffs cannot meet their burden to establish the existence of personal jurisdiction over the Defendants, Riverside Rail, LLC and Edward Dunn, under the Massachusetts **long-arm statute** and constitutional principles of due process, and accordingly the Complaint should be dismissed in its entirety as to them.

    Respectfully submitted,
    For the Defendants,

    RIVERSIDE RAIL, LLC and
    EDWARD DUNN


    */s/ Nicholas R. Doria*_____
    Nicholas R. Doria
    The Law Offices of Nicholas R. Doria, PC
    Court Plaza North
    25 Main Street, Suite 206
    Hackensack, NewJersey 07601
    (T) 201-342-6770
    201-342-6778 (facsimile)


    */s/ John C. Bartenstein*_____
    John C. Bartenstein (BBO #032140)
    809 Massachusetts Avenue
    Lexington, MA 02420
    john.bartenstein@verizon.net
    (T) (617) 633-4566
    (718) 863-6101 (facsimile)

Dated:   June 20, 2007

**Certificate of Service**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants, if any, on June 20, 2007.

                */s/ John C. Bartenstein*
                John C. Bartenstein