THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

M – R LOGISTICS, LLC               )
                                   )
                                   )
           Plaintiff               )
                                   )
v.                                 ) Civil Action No. 07-40139 FDS
                                   )
RIVERSIDE RAIL, LLC                )
                                   )
                                   )

**RESPONSE OF DEFENDANT RIVERSIDE RAIL, LLC TO MOTION IN LIMINE OF PLAINTIFF M-R LOGISTICS, LLC TO PRECLUDE DEFENDANT FROM INTRODUCING ITS "SUMMARY OF TOTAL DOLLAR LOSS PER MONTH AND TOTAL DIFFERENCES IN TONAGE PER MONTH" AS A TRIAL EXHIBIT**

Now comes the Defendant, Riverside Rail, LLC and files this response to the Motion In Limine of Plaintiff M-R Logistics, LLC for a pretrial ruling that the Defendants "summary of total dollar loss per month and total differences in tonage per month" as a trial exhibit be precluded.

This court has recently ruled, in denying Defendant's Motion to declare the contract unambiguous that the term one hundred ton railcar, as used in the contract

NICHOLAS R. DORIA, ESQ.
Counsellor At Law
Court Plaza North
25 Main Street, Suite 206
Hackensack, New Jersey 07601

1

between Plaintiff and Defendant is in fact ambiguous. By so doing, this court has ruled that it shall permit testimony as to what the term one hundred ton railcar means.

Plaintiff has stated that it too believes the parties have a legitimate dispute as to the meaning of the term one hundred ton railcar and, as that term is used in the contract, the contract is ambiguous. Plaintiff makes that statement, clearly, in its response to the Defendant's Motion seeking a ruling that the contract is unambiguous, dated November 2, 2009, when at page two of the response in the first full paragraph thereof Plaintiff states: " The parties dispute whether the Plaintiff furnished railcars that complied with the contract documents, with each party asserting a different definition of the industry term 'one hundred- ton car'. "

Plaintiff has maintained that one hundred ton car means some amount up to one hundred tons but never reaching one hundred tons. Defendant has alleged that one hundred tons means up to and including one hundred tons, but not more than one hundred tons.

Since this court has determined that the question of what is a one hundred ton railcar should be decided by the jury, Defendant is certainly permitted to assert that Plaintiffs failure to provide cars able to be loaded with one hundred tons of material was a breach of the parties contract.

Such a breach of contract caused money damages to be incurred by the Defendant.

The document, the Summary of Total Dollar Loss Per Month and Total Differences in Tonage Per Month, which Plaintiff seeks through this Motion to preclude from admission into evidence, contains information derived from the invoices sent by

NICHOLAS R. DORIA, ESQ.
Counsellor At Law
Court Plaza North
25 Main Street, Suite 206
Hackensack, New Jersey 07601

2

Plaintiff to the Defendant and quantifies the damages inflicted upon Riverside Rail by M-R Logistics. Defendant seeks to recover its damages in the Counterclaim.

No document could be any more relevant and clearly probative of Plaintiff's damages claim, other than a confession by the Plaintiff.

The document, designated as "Summary of Total Dollar Loss Per Month and Total Differences in Tonage Per Month" is a document which sets forth the financial basis for Defendant's Counterclaim. It is the summary of each invoice from M-R Logistics, for each railcar it provided to the Defendant and, for which Plaintiff billed the Defendant. It states the allowable weight of each car when empty (in accordance with railway regulations) and the <u>actual weight</u> of each car provided by Plaintiff. It shows that, due to the weight of the cars provided by the Plaintiff, it was impossible to load the railcars with one hundred tons, without violating the regulation governing the amount of weight permitted for transport on the rails.

No document could be anymore relevant as evidence of Defendant's financial losses suffered as a result of the failure of Plaintiff to provide railcars which could transport one hundred tons of material.

The document is not something without basis in fact or containing an opinion. It is loaded with information taken directly from the invoices provided by the Plaintiff to the Defendant.

It is the single clearest illustration of the financial losses sustained by Riverside Rail due to the Plaintiff's failure to provide the railcars bargained for in the contract.

<u>Federal Rule of Evidence 401</u> provides that any evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of

NICHOLAS R. DORIA, ESQ.
Counsellor At Law
Court Plaza North
25 Main Street, Suite 206
Hackensack, New Jersey 07601

the action more or less probable then it would be without the evidence. The summary here in question, does precisely what this Rule requires. It establishes facts of the Defendant's losses due to the conduct by the Plaintiff in failing to provide railcars capable of being loaded with material weighing one hundred tons. That is clearly a central factual issue in this case. Thus the summary satisfies the Rule regarding relevancy.

Furthermore, the courts have established that the threshold for relevancy is very low under Federal Rule of Evidence 401. **United States v. Ford, 22 F. 3d 374,381 (1st Cir. 1994).**

Federal Rule of Evidence 402 provides that all relevant evidence is admissible except as provide by the United States Constitution or Statutes (emphasis added). Plaintiff has not cited any constitutional section or statute which would provide a legally recognized basis to deny admissibility of the document here in question on relevancy grounds.

Federal Rule of Evidence 403 provides for the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of causing unfair prejudice, confusing the issues or misleading the jury, causing undue delay, wasting time or needlessly presenting cumulative evidence (emphasis added).

In order for prejudicial evidence to be excluded it must be more than simply prejudicial, it must produce "unfair prejudice". **Ferrarra & DiMercurio v. St. Paul Marine Ins. Co., 240 F.3d 1, 7 (1st Cir.2001).**

Plaintiff may not like the fact that the summary shows damages inflicted upon the Defendant, but that does not make it "unfairly prejudicial".

NICHOLAS R. DORIA, ESQ.
Counsellor At Law
Court Plaza North
25 Main Street, Suite 206
Hackensack, New Jersey 07601

The document does not confuse an issue or mislead the jury, to the contrary, it crystallizes the Defendant's claim for damages in its Counterclaim, both as to the reasoning for claiming the damages and as to the mathematics involved in calculating the amounts sought in the Counterclaim.

Since it is a summary, it will hasten testimony, not delay the trial. It will expedite the Counterclaim testimony offered by the Defendant, thereby avoiding delay, not creating delay.

In short, this item of evidence complies in every regard with the requirements of Federal Rule of Evidence 403 and therefore it cannot be excluded based upon that Rule.

## CONCLUSION

For the reasons set forth above, the Defendant Riverside Rail, LLC respectfully moves this Court to deny the Plaintiffs Motion to preclude the Defendant from introducing into evidence the document designated as "Summary of Total Dollar Loss Per Month and Total Differences in Tonage Per Month" as a trial exhibit.

Respectfully submitted,
**Riverside Rail, LLC**
By Its Attorney,

*/s/ Nicholas R. Doria*
Nicholas R. Doria, Esq.
25 Main Street, Suite 206
Hackensack, NJ 07601
(201) 342-6770
(201) 342-6778 Facsimile

Dated: November 4, 2009

NICHOLAS R. DORIA, ESQ.
Counsellor At Law
Court Plaza North
25 Main Street, Suite 206
Hackensack, New Jersey 07601

## CERTIFICATE OF SERVICE

    I, Nicholas R. Doria, hereby certify that, on November 4, 2009, I served a copy of the foregoing document by electronic transmission through the ECF system upon counsel of record for Plaintiff M-R Logistics, LLC.

                                              */s/ Nicholas R. Doria*
                                              Nicholas R. Doria

**NICHOLAS R. DORIA, ESQ.**
Counsellor At Law
Court Plaza North
25 Main Street, Suite 206
Hackensack, New Jersey 07601